UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN J. HORMOVITIS,

              Appellant/Debtor,              1:09-CV-0758 (GTS)

v.

PAUL A. LEVINE, in His Official Capacity
as Chapter 7 Trustee,

              Appellee/Trustee,
_____

APPEARANCES:                                            OF COUNSEL:

RICHARD CROAK & ASSOCIATES                RICHARD CROAK, ESQ.
  Counsel for Appellant/Debtor
314 Great Oaks Boulevard
Albany, NY 12203

LEMERY, GREISLER, LLC                            PAUL A. LEVINE, ESQ.
  Counsel for Appellee/Trustee
50 Beaver Street, 2nd Floor
Albany, NY 12207

HON. GLENN T. SUDDABY, United States District Court Judge

# DECISION and ORDER

        The above-captioned action is a bankruptcy appeal, filed by John J. Hormovitis ("Debtor"), from a Decision and Order issued by Chief United States Bankruptcy Judge Robert E. Littlefield, Jr., on April 27, 2009, sustaining the objection by the Chapter 7 Trustee, Paul A. Levine, Esq. ("Trustee") to the Debtor's discharge, and denying the Debtor's discharge. For the reasons set forth below, the Debtor's appeal is denied, and Bankruptcy Judge Littlefield's decision is affirmed.

I.      RELEVANT BACKGROUND[1]

On August 28, 2007, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, along with related schedules.  On Schedule B (Personal Property), the Debtor listed personal property totaling $25,535.00, and listed only a 2005 Chevy Silverado in response to item 25 of Schedule B, entitled "Automobiles, trucks, trailers, and other vehicles and accessories."  On October 2, 2007, the Trustee conducted a meeting of creditors, pursuant to § 341 (the "Meeting of Creditors").  The Debtor and his attorney appeared at the Meeting of Creditors, and the Trustee examined the Debtor under oath.

On November 9, 2007, the Trustee timely filed an adversary complaint, seeking an order denying the Debtor his discharge pursuant to § 727(a)(4), based on the Debtor's failure to disclose the existence of his 1984 Harley Davidson motorcycle anywhere in his schedules and/or statements filed with his bankruptcy petitions.  According to the Trustee, because the Debtor signed and filed his bankruptcy schedules without disclosing this asset, the Debtor knowingly and fraudulently made a false oath or account.  On December 4, 2007, the Debtor filed an Answer, admitting the factual allegations in the Trustee's Complaint, but denying the conclusions reached by the Trustee.

After the Meeting of Creditors, the Debtor turned the motorcycle over to the Trustee. Subsequently, the motorcycle was sold at an auction for $4,500, which was turned over to the Trustee.

---

[1] Because neither party filed a brief in this bankruptcy appeal, and because it appears from a review of the record that the facts are not in dispute, the following facts are taken from Chief Bankruptcy Judge Littlefield's April 27, 2009 Decision and Order. (Dkt. No. 1, Part 3.)

On June 9, 2008, a trial was held. After trial, the parties were allowed to file post-trial submissions. In his submission, the Trustee argued that the Debtor was not entitled to discharge because he made at least three false oaths with regard to his concealment of ownership of the 1984 Harley Davidson motorcycle. In response, the Debtor argued as follows: (1) the Trustee failed to establish that he owned the motorcycle; (2) in the alternative, he did not *knowingly* give false testimony; and (3) even if he provided false testimony, such testimony was not material, because he cooperated in turning over the motorcycle after the Meeting of the Creditors, and the Trustee ultimately recovered $4,500 for the motorcycle.

On April 27, 2009, Chief Bankruptcy Judge Littlefield issued a Decision and Order sustaining the Trustee's objection to the Debtor's discharge, and denying the Debtor's discharge. (Dkt. No. 1, Part 3.) On April 27, 2009, the Debtor filed with this Court an appeal from Chief Bankruptcy Judge Littlefield's Decision and Order. (Dkt. No. 1, Part 1.) On August 28, 2009, the Debtor's attorney submitted a letter request seeking an extension of time to file his appeal. (Dkt. No. 4.)[2] On that same day, the Court issued a Text Order granting the request, and giving the Debtor until September 28, 2009, to file his appeal. Nonetheless, Appellant/Debtor failed to submit an appellant brief, and the deadline by which to do so has passed.

## II.   APPLICABLE LEGAL STANDARD

"Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that a reviewing court may 'affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree,' or it may remand with instructions for further proceedings." *In re Smorto*, 07-CV-2727, 2008 WL

---

[2]   In his letter, the Debtor's attorney acknowledged that his request was not timely. (Dkt. No. 4.)

3

699502, at *4 (E.D.N.Y. Mar. 12, 2008) (citing Fed. R. Bankr. P. 8013).  "The Court will review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error."  *In re Smorto*, 2008 WL 699502, at *4 (citations omitted).  "The question of a debtor's knowledge and intent under § 727(a)(4) is a matter of fact . . ."  *Id.* (citations omitted).

Where an appellant has failed to file an appellant brief in a bankruptcy appeal, dismissal is not required; however, "the court should exercise discretion to determine whether dismissal is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion."  *In re Tampa Chain Co.*, 835 F.2d 54, 55 (2d Cir. 1987).  The district court may dismiss the appeal *sua sponte* upon a finding of "bad faith, negligence, or indifference."  *Tampa Chain*, 835 F.2d at 55; *see also Babcock v. Philp*, 08-CV-1158, 2008 WL 4948447, at *2 (E.D.N.Y. Oct. 31, 2008) (dismissing appellant's appeal for failure to timely file a brief, and noting that "[m]any courts have found an appellant's failure to timely file a brief inexcusable where, as here, the appellant failed to provide an explanation for the late filing within several months of the missed due date").  Moreover, it is axiomatic that "[a] district court also has the power to dismiss for failure to prosecute *sua sponte*."  *Martens v. Thomann*, 273 F.3d 159, 179 (2d. Cir. 2001).

### III.   ANALYSIS

After carefully reviewing the Bankruptcy Court's Decision and Order of April 27, 2009, the Court can find no error in the Bankruptcy Court's legal conclusions *de novo*, nor can the Court find any error (clear or otherwise) in the Bankruptcy Court's factual findings.  As a result, the Court denies the Debtor's appeal, and affirms Bankruptcy Judge Littlefield's Decision and Order of April 27, 2009, for the reasons stated therein.  *See In re Hormovitis*, No. 07-12276

(Bankr. N.D.N.Y. April 27, 2009) (Littlefield, B.J.).

The Court would only add that it finds the Debtor's failure to file a brief, after his *counsel* requested (and was given) an extension of time in which to do so, to constitute, at a minimum, indifference.  As a result, the Debtor's appeal is dismissed for this alternative reason.

**ACCORDINGLY,** it is

**ORDERED** that the Debtor's appeal is **<u>DENIED</u>** and this appeal is **<u>DISMISSED</u>**; and it is further

**ORDERED** that Bankruptcy Judge Littlefield's Decision and Order of April 27, 2009, is **<u>AFFIRMED</u>**.

Dated: March 1, 2010
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge